PD-1420&1421&1422-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/25/2015 3:48:04 PM
Accepted 11/25/2015 4:24:07 PM
ABEL ACOSTA
CLERK

No. _____

# IN THE
# COURT OF CRIMINAL APPEALS
# FOR THE STATE OF TEXAS

## WILLIAM BRUCE SENN, JR.,
Appellant

v.

## THE STATE OF TEXAS,
Appellee

## APPELLANT'S PETITION FOR
## DISCRETIONARY REVIEW

NO. 02-15-00027-CR
SECOND COURT OF APPEALS

NO. CR-14-00051
NO. CR-14-00052
NO. CR-14-00163

43rd DISTRICT COURT
PARKER COUNTY, TEXAS

**ORAL ARGUMENT
REQUESTED**

JACK V. STRICKLAND
State Bar No. 19397000
112 Hogle Street
Weatherford, Texas 76086
Tel: (817) 594- 2161
Fax: (817) 594-2160
jvstrickland1943@gmail.com

ATTORNEY FOR APPELLANT
(On appeal only)

FILED IN
COURT OF CRIMINAL APPEALS

November 25, 2015

ABEL ACOSTA, CLERK

# IDENTITIES OF PARTIES AND COUNSEL

This information is provided so that members of the Second Court of Appeals may determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

1.  William Bruce Senn, Jr., Appellant
    TDCJ No. 01982287
    Daniel Unit
    938 South FM 1673
    Snyder, Texas 79549

2.  The Honorable Craig Towson
    43rd Judicial District Court
    117 Fort Worth Highway
    Weatherford, Texas 76086

3.  Don Schnebly
    District Attorney
    State Bar No. 17782700
    117 Fort Worth Highway
    Weatherford, Texas 76086

4.  Jeffrey Swain
    State Bar No. 00792863
    Assistant District Attorney – Trial
    117 Fort Worth Highway
    Weatherford, Texas 76086
    Tel: (817) 598-6124

5.  David Pearson, IV
    State Bar No. 15690465
    Defense Counsel – Trial
    222 West Exchange Avenue, Ste. 103
    Fort Worth, Texas 76164
    Tel: (817) 625-8081

6. Eddie Lewallen
   State Bar No. 0791105
   Assistant District Attorney – Appeal
   117 Fort Worth Highway
   Weatherford, Texas 76086
   Tel: (817) 598-6124

7. Jack V. Strickland
   State Bar No. 19397000
   Defense Counsel – Appeal
   112 Hogle Street
   Weatherford, Texas 76086
   Tel: (817) 594- 2161
   jvstrickland1943@gmail.com

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES.................................................................... 2

TABLE OF CONTENTS........................................................................4

INDEX OF AUTHORITIES ...................................................................6

STATEMENT REGARDING ORAL ARGUMENT ................................... 7

STATEMENT OF THE CASES ................................................. 8

STATEMENT OF PROCEDURAL HISTORY ...................................... 9

GROUND FOR REVIEW ...................................................................... 9

       THE COURT OF APPEALS ERRED WHEN IT HELD THAT THE APPELLANT'S PLEAS OF GUILTY WERE KNOWINGLY ENTERED.

       *QUESTION*: ARE THE PROVISIONS OF ARTICLE 26.13, TEX. CODE CRIM. PRO. SATISFIED BY THE INSUFFICIENT ADMONITION THAT APPEAL OF ANY CONVICTION UPON A PLEA OF GUILTY IS LIMITED TO JURISDICTIONAL ISSUES ONLY.

ARGUMENT........................................................................................ 9

PRAYER FOR RELIEF ...................................................................... 13

CERTIFICATE OF SERVICE ............................................................. 14

CERTIFICATE OF COMPLIANCE.......................................................14

APPENDIX.......................................................................................... 15

EXHIBIT NO. 1: COPY OF COURT OF APPEALS
OPINION: William Bruce Senn, Jr. v. The State of Texas,
unpublished, October 1, 2015

# INDEX OF AUTHORITIES

**Cases**

*Boykin v. Alabama*, 395 U.S. 238 (1969) ................................................................. 8

**Statutes**

*Tex. Code Crim. Pro.* art. 26.13 ......................................................................... 6, 7

**Rules**

*Tex. R. App. Pro.* 44.2 ....................................................................................... 5, 9

*Tex. R. App. Pro. R.66 et seq* ................................................................................ 5

**Texas Constitution**

*Tex. Const. art. I, § 19* ......................................................................................... 8

**United States Constitution**

*U.S. Const. amend. V* ........................................................................................... 8

## STATEMENT REGARDING ORAL ARGUMENT

In the event the Court grants review in these causes, Appellant respectfully requests oral argument. The cases are significant in that this Court has the opportunity to clarify and strengthen the admonitions that should be given to criminal defendants prior to the trial court accepting their waiver of rights and accepting their plea of guilty.

**IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS**

---

**WILLIAM BRUCE SENN, JR.,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

Cause Nos.
02-15-00027-CR
02-15-00028-CR
02-15-00029-CR

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

NOW COMES, William Bruce Senn, Jr., Appellant in the above-styled and numbered cause, by and through his attorney of record, Jack V. Strickland, and pursuant to the provisions of *TEX. R. APP. PRO. 66, et seq.*, moves this Court to grant discretionary review. In support of this petition, Appellant shows as follows:

## STATEMENT OF THE CASES

Appellant was charged by two felony indictments with sexual assault and indecency with a child, Case No. 1, CR. 1:5, and Case No. 2, CR. 1:5, and a third indictment alleging possession of child pornography, Case No. 3, CR 1:5. Appellant entered an "open" plea of guilty to all three cases on January 8, 2015. RR. 2. Following a punishment hearing on January 28, 2015, the trial court

8

imposed three concurrent sentences of 20 years, 20 years, and 10 years confinement in the Institutional Division, Texas Department of Criminal Justice. RR. 3:71. Appellant timely filed his notice of appeal on January 30, 2015. Case No. 1 and Case No. 2, CR. 1:18; Case No. 3, CR. 1:24.

## STATEMENT OF PROCEDURAL HISTORY

In his brief, Appellant presented a single issue common to all three causes. On October 1, 2015, the Second Court of Appeals affirmed the judgment in each case in an unpublished memorandum opinion. *William Bruce Senn, Jr. v. State*, October 1, 2015. (*See*, Appendix, Ex. No. 1.) An extension having been granted by this Court, Appellant's petition is due to be filed not later than December 2, 2015.

## GROUND FOR REVIEW

THE COURT OF APPEALS ERRED WHEN IT HELD THAT THE APPELLANT'S PLEAS OF GUILTY WERE KNOWINGLY ENTERED

*QUESTION*: ARE THE PROVISIONS OF ARTICLE 26.13, TEX. CODE CRIM. PRO. SATISFIED BY THE INSUFFICIENT ADMONITION THAT APPEAL OF ANY CONVICTION UPON A PLEA OF GUILTY IS LIMITED TO JURISDICTIONAL ISSUES ONLY

## ARGUMENT

The court of appeals opinion accurately cited the following relevant facts:

"The record reflects that Senn and his counsel[1] signed written admonishments complying with article 26.13(a) of the Texas Code of Criminal

---

[1] Appellant's trial counsel was Fort Worth attorney David Pearson IV. Present counsel Jack V. Strickland was appointed for purposes of appeal only.

Procedure. *See, Tex. Code Crim. Proc.* Ann. art. 26.13(a) (West Supp. 2014). Senn signed his name right after the paragraph stating,

> I sign this document after consulting with my attorney. I have read each and every paragraph above [,] … and I fully understand each and every paragraph and admonishment herein. I am aware of the consequences of my plea. Furthermore, I have no questions about these admonishments, as given by the Court.

Senn orally reaffirmed his understanding of the admonishment when the trial court went over them at the plea hearing. "

The court of appeals decided that the written admonition regarding a defendant's right of appeal fully complied with the requirements of article 26.13(a), *Tex. Code Crim. Proc.* While this conclusion may be true on its face, Appellant contends that the wording " … any appeal of any conviction upon a plea of guilty… is limited to jurisdictional issues only," is inadequate and in truth amounts to no meaningful admonition at all. It certainly violates the spirit of the warning. The court of appeals' interpretation overlooks the record in this case which reveals that Appellant, a layman unschooled in the law and diagnosed following his Army combat duty with a seventy percent impairment in judgment and thinking, could be expected to understand the meaning and significance of the legal term of art, "jurisdictional issues." The court went on to conclude that inasmuch as the admonition complied with the requirements of the Code, a *prima facie* showing exists that the warning was proper and the burden then shifts to Appellant to establish that he did not understand the consequences of his plea.

This issue should not simply begin and end with a court noting that the words – mysterious and unintelligible as they may be – meet the goal of informing a person what their rights are, what they are waiving, and what the consequences of their waiver may be. The true intention of the admonition is to educate a defendant in order that he may understand his rights, what he is giving up, and what the results are. Only then may he waive his rights, enter a truly voluntary and knowing waiver, and enter a knowing, *i.e.*, a meaningful, plea of guilty. It should go without saying that in the cases at bar Appellant clearly believed he could still appeal his maximum sentences – he did so only 48 hours after sentencing.

The remedy to this situation is really quite simple. The admonitions should be written for the enlightenment and benefit of defendants, not for the lawyers or judges. The modern trend toward writing contracts and jury instructions in plain English should also be applied to the admonitions and waivers that are the underpinning of more than ninety percent of criminal case dispositions in this country.

If a defendant does not speak English, our law provides a plethora of protections to ensure that he fully understands the consequences of his plea. But in this instance, no such extra steps were undertaken to make certain that this English speaking but impaired man received the benefit of such protections. It is merely assumed that he understood the significance of the right he was relinquishing.

Due process and due course of law require that a guilty plea be entered knowingly, intelligently, and voluntarily. *U.S. Const.*, amend. V; *TEX. CONST.*, art. I, § 19; *Boykin v. Alabama*, 395 U.S. 238 (1969). Appellant contends that in the cases at bar, merely reading the relevant admonitions, in the absence of a meaningful explanation, does not rise to the level required by the Constitution of either the United States or Texas and consequently is an error of constitutional proportion. Further, the error contributed to Appellant's punishment, which was the maximum provided in each case, and the error significantly affected Appellant's substantial rights. Appellant argues that the judgment in each case should be reversed and the case remanded in accordance with the following prayer for relief. R. 44.2, *Tex. R. App. Pro.*

Appellant can, of course, raise the voluntariness issue via an 11.07 application for post-conviction writ of habeas corpus. In such writ, Appellant can endeavor to show that he did not understand the limited nature of his appellate rights following a plea, that he did not understand the significance of his waiver, that he was not further informed of the consequences of his waiver by counsel, and consequently that he did not voluntarily or knowingly enter his plea. But frankly, that drawn-out process seems a waste of judicial time and resources. These cases can and should be remanded to the trial court to further develop the record and thereby resolve the issue.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that this Court grant discretionary review and after further and full briefing on the merits, issue an opinion remanding these causes to the trial court for the development of an evidentiary record to determine the voluntariness of Appellant's plea or, in the alternative, reversing the court of appeals judgment and remanding the causes to the trial court for new trials consistent with this opinion.

Respectfully Submitted,

JACK V. STRICKLAND
State Bar No. 19397000
112 Hogle Street
Weatherford, Texas 76086
Tel: (817) 594- 2161
Fax: (817) 594-2160
jvstrickland1943@gmail.com

ATTORNEY FOR APPELLANT
(On appeal only)

## CERTIFICATE OF SERVICE

On November 25, 2015, a true and correct copy of the foregoing Appellant's petition for discretionary review was mailed via the U.S. Postal Service to Assistant District Attorney Edward Lewallen, 117 Fort Worth Highway, Weatherford, Texas 76086 and to Lisa McMinn, State Prosecuting Attorney, Post Office Box 12405, Capitol Station, Austin, Texas 78711.

_____
Jack V. Strickland

## CERTIFICATE OF COMPLIANCE

Pursuant to *Texas Rule of Appellate Procedure* 9.4(i)(3), I hereby certify that this brief contains **1884** words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

_____
Jack V. Strickland

14

# APPENDIX


SCANNED



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00027-CR
### NO. 02-15-00028-CR
### NO. 02-15-00029-CR

---

WILLIAM BRUCE SENN JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR14-0051, CR14-0052, CR14-0163

----------

## MEMORANDUM OPINION[1]

----------

Appellant William Bruce Senn Jr. entered an open plea of guilty to count one in the two cases for which he was indicted for sexual assault of a child and to all three counts in the case for which he was indicted for possession of child pornography. The trial court accepted Senn's guilty pleas but reserved a finding

---

[1]See Tex. R. App. P. 47.4.

EXHIBIT 1

of guilt. At the punishment hearing, the trial court took judicial notice of Senn's presentence investigation report, the victim testified concerning the events that formed the basis of the three indictments, Senn's military records were admitted into evidence, and Senn's father-in-law provided character testimony on Senn's behalf. After hearing the testimony and reviewing the evidence, the trial court found Senn guilty in accordance with his five guilty pleas and sentenced him to twenty years' confinement in each of the cases involving sexual assault of a child and to ten years' confinement on each of the three counts in the case involving possession of child pornography and ordered all five of the sentences to run concurrently. In a single issue, Senn argues that his guilty pleas were not made knowingly. We will affirm.

Due process requires that a guilty plea be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S. Ct. 1709, 1712 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006). When the record reflects that a defendant was properly admonished, a prima facie showing exists that the guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his plea. *Id.*

The record reflects that Senn and his counsel signed written admonishments complying with article 26.13(a) of the Texas Code of Criminal

Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a) (West Supp. 2014).

Senn signed his name right after the paragraph stating,

> I sign this document after consulting with my attorney. I have read each and every paragraph above[,] . . . and I fully understand each and every paragraph and admonishment herein. I am aware of the consequences of my plea. Furthermore, I have no questions about these admonishments, as given by the Court.

Senn orally reaffirmed his understanding of the admonishments when the trial court went over them at the plea hearing. Because the record reflects that Senn was properly admonished, the record constitutes a prima facie showing that Senn's guilty pleas were knowingly and voluntarily made. *See Martinez*, 981 S.W.2d at 197. The burden therefore shifts to Senn to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his guilty pleas. *See id.*

Senn argues that his pleas were not made knowingly because there was a lack of both "a clear explanation" and "a clear understanding of the consequences" of his guilty pleas. With regard to his argument that a lack of a clear explanation of the admonishments exists, Senn points to a single admonishment—the admonishment that when there is no plea bargain, any appeal of a conviction based on a plea of guilty is limited to jurisdictional issues. Senn contends that this admonition "is inadequate and in fact amounts to no meaningful admonition." The admonition that Senn complains of is not required to be given by article 26.13, and there are no statutory or judicial requirements that a defendant pleading guilty without the benefit of a plea bargain be advised

3

of his limited right of appeal.[2] *See Fennell v. State*, 958 S.W.2d 289, 292 (Tex. App.—Fort Worth 1997, no pet.). Thus, the inclusion of this admonition does not render Senn's guilty plea involuntary.

With regard to his argument that there was a lack of a clear understanding of the consequences of his guilty pleas, Senn points to an impairment rating decision from the Department of Veterans Affairs, which was admitted as part of Senn's military records. The records show that Senn suffers from post-traumatic stress disorder and that "[a]n evaluation of 70 percent is assigned for occupational and social impairment, with deficiencies in most areas, such as . . . judgment, thinking, . . . [and] impaired impulse control." Senn argues that "[g]iven the evidence of [his] dramatic disabilities, it is unreasonable to conclude that Appellant, a lay person unschooled in the law, understood the meaning or the significance of 'jurisdictional issues.'" Because, as explained above, the admonition that he complains of is not statutorily required to be given, an understanding of the meaning or the significance of the term "jurisdictional issues" is not required in order for a plea to be made knowingly. *See id.* Moreover, nothing in the record indicates that Senn failed to understand the proceedings generally or the specific rights he was waiving by pleading guilty.

---

[2]To the extent that Senn's argument can be broadly construed as requesting this court to rewrite the admonitions that are given by trial courts, such task must be left to the legislature. *See Safety Nat'l Cas. Corp v. State*, 273 S.W.3d 157, 165 (Tex. Crim. App. 2008) (Cochran, J., concurring) (explaining that statutory inadequacies are best left to the legislature to remedy).

4

Senn has not shown how his mental impairment prevented him from knowingly making his guilty pleas. *See Dickey v. State*, Nos. 05-07-01090-CR, 05-07-01214-CR, 2008 WL 2877761, at *1 (Tex. App.—Dallas July 25, 2008, pet ref'd) (not designated for publication).

We hold that Senn failed to meet his burden of establishing that, notwithstanding the statutory admonishments, he did not understand the consequences of his guilty pleas and therefore hold that his guilty pleas were made knowingly and voluntarily. *See Martinez*, 981 S.W.2d at 197; *Rudnick v. State*, No. 03-02-00767-CR, 2003 WL 22023435, at *2 (Tex. App.—Austin Aug. 29, 2003, pet. ref'd) (mem. op., not designated for publication) (holding appellant knowingly and voluntarily pleaded guilty without an agreed punishment recommendation, despite appellant's claims that his guilty plea was not knowingly made because he did not understand he was not eligible for probation). We overrule Senn's sole issue.

Having overruled Senn's sole issue, we affirm the trial court's judgments.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 1, 2015

5